In re Albert J. BACHER, Debtor.

**DRINKER BIDDLE & REATH**
**Plaintiff–Appellant,**

v.

**Albert J. BACHER, Debtor Max Schwartz, Trustee Irene J. Bacher, Jansen Antiques, and Process Improvement Corp., Defendant–Appellees.**

**Civ. A. No. 86–5033.**

United States District Court,
E.D. Pennsylvania.

Aug. 31, 1988.

John E. Caruso, Patrick T. Ryan, III (George V. Strong, III, on the brief), Philadelphia, Pa., for Drinker, Biddle & Reath.

Albert J. Bacher, pro se.

## MEMORANDUM ORDER

CLIFFORD SCOTT GREEN, District Judge.

Pending before the court is the appeal of Drinker Biddle & Reath ("DB & R") from the final order of the Bankruptcy Judge adjudicating an adversary proceeding. The background facts concerning this litigation are set forth at length in this court's first memorandum relating to an appeal by DB & R from a prior order filed October 4, 1985. In the order accompanying the first memorandum I affirmed the decision of the Bankruptcy Judge in part and remanded the matter "... for the bankruptcy court's consideration of the evidence pertaining to the Inasco stock transaction and determination of the issue of whether this transaction provides an independent basis upon which to deny discharge to the debtor [Albert J. Bacher] on Count I pursuant to section 727(a)."

On remand the Bankruptcy Judge considered the following stipulated issues:

1. Whether Bacher had, at the time of the stock transfer, intent to hinder, delay or defraud DB & R;

2. Whether the consideration Bacher received for the transfer of the Inasco stock was adequate;

3. Whether Bacher justifiably failed to keep or preserve any recorded information from which his financial condition or business transactions might be ascertained;

4. Whether the omission of the stock transaction from Bacher's schedules was "knowing and fraudulent".

All of the aforesaid issues were decided adverse to DB & R. The bankruptcy court's entry of judgment in favor of Bacher and against DB & R is the subject of this appeal.

I have jurisdiction of this appeal pursuant to 28 U.S.C. § 1334(a). Pursuant to the scheduling order, DB & R has timely submitted a brief in support of its appeal. No brief in opposition has been filed by Bacher. I recognize, as DB & R urges, that as to legal issues I am not bound by the conclusions of the bankruptcy court.

However, Bankruptcy Rule 8013 states:
*Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact*

On an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The bankruptcy court declined to find that the $5000 consideration received by Bacher for transfer of the Inasco shares was "grossly inadequate". The bankruptcy court stated that factors other than gross receipts, particularly expenses, must be considered before a finding of 'grossly inadequate consideration may be made. The record on appeal does not permit a finding of clearly erroneous as to either the bankruptcy court's failure to find the consideration received grossly inadequate or to its failure to find an intent on the part of Bacher to defraud creditors.

It is undisputed that Bacher failed to maintain any reasonable record of the transaction as required by 11 U.S.C. § 727(a)(3) of the Bankruptcy Code. Also, it is undisputed that he failed to disclose the transaction on filing for Chapter 7 relief, thus rendering his debtor's oath false, within the meaning of 11 U.S.C. § 727(a)(4)(A). Failure to disclose in accordance with § 727(a)(3) may not be excused merely because the creditor independently discovered the non-disclosure and thus was not significantly prejudiced by the non-disclosure. Nor may a false oath be excused merely because the creditor independently discovered the falsity of the statement. On the record before this court, the discharge of the debtor cannot be granted.

Accordingly, this 31st day of August, 1988, IT IS ORDERED that pursuant to 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(A) the dis-

charge of Albert J. Bacher, debtor, is DE-NIED.